IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN ALLEN DEBRUZZI, <br> # 21186-041, <br><br> Petitioner, <br><br> vs. <br><br> E. WILLIAMS, *Warden*, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:20-cv-00481-SMY |
| NATHAN ALLEN DEBRUZZI, <br> # 21186-041, <br><br> Petitioner, <br><br> vs. <br><br> E. WILLIAMS, *Warden*, *FCI Greenville*, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:20-cv-00596-SMY |
| NATHAN ALLEN DEBRUZZI, <br> # 21186-041, <br><br> Petitioner, <br><br> vs. <br><br> E. WILLIAMS, *Warden*, and <br> DIRECTOR VAJAL, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:20-cv-00783-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Nathan Allen DeBruzzi, a federal prisoner incarcerated at FCI Greenville, filed

1

three habeas corpus actions pursuant to 28 U.S.C. § 2241.[1] The cases are now before the Court for preliminary review of the Petitions pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply the Rules to other habeas corpus cases.

## The Petitions

DeBruzzi makes the following assertions and allegations in his Petitions:

### 20-cv-481

Prison officials are violating his First Amendments rights because they will not allow him to possess gay publications and are retaliating against him. A prison official refused his request to ask the captain about ordering pens because he can't file "remedys" with a rubber pencil. His male photos and catalogs were taken from him in November 2019. He is not being kept safe and was assaulted by a Lieutenant (choked and OC sprayed), sexually assaulted by an inmate, and exploited for money. He has been told he will be placed in the sex offender management program ("SOMP yard") for a correctional management plan ("CMP"), which he does not want. He requests an order that the BOP transfer him to FMC Rochester for his own safety, that the BOP remove misleading information "of appears to be early adolescent males" from all records about his photo orders and catalogs received in the mail, and that he be allowed to possess gay publications.

---

[1] The allegations and issues raised in the Petitions are the same and will be addressed collectively.

**20-cv-596**

DeBruzzi's male photos and catalogs were taken from him in November 2019. He disputes the recommendation that he be placed at a SOMP yard for a CMP for being in possession of photos that appear to be boys in their early adolescence. The models are over the age of 18 and are genetically youthful men. This is continued retaliation and punishment for him ordering gay male adult photos, catalogs, and publications and for his First Amendment disputes. Prison officials are attempting to chill his First Amendment rights as an openly gay young man. He requests an order that he not be placed at a SOMP yard or on a CMP; that he be transferred to FMC Rochester; that his gay photos and publications not be rejected; and that his situation be monitored because he is fighting for his rights as a young gay male American prisoner and he does not want to keep worrying about what staff will do next in retaliation. Additionally, he had a family member die while he has been in prison and "if it is possible to request a reduction in sentence so [he] could be there for [his] mom sooner [he] would like to be there for [his] last supporting family member."

**20-cv-783**

The mailroom has rejected his incoming publications that contain gay male photos. Prison officials are using improper forms and the rejections are not being done by the Warden or Assistant Warden as required by BOP rules and are being done in retaliation. Publications with photos of men, catalogs, and a book were taken from his cell and he was refused a confiscation form. Prison officials are attempting to chill his First Amendment rights as an openly gay young man. He is going to a SOMP facility for a CMP due to the psychiatrist opinion that the material depicts males under the age of 18. He is receiving unequal and adverse treatment. He is being unfairly judged because some of the models are genetically youthful and appear to be under the age of 18 but are in fact over the age of 18. He requests an order that BOP stop rejecting photos and catalogs as

long as they depict males 18 years of age and older; stop retaliating against him for ordering male/gay publications; stop retaliating when he files complaints about mail rejections; remove his status of CMP; remove sanctions and punishments for exercising his constitutional rights; and remove from his record any indication that the photos and catalogs appear to be early adolescent males.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). However, § 2241 is not the proper vehicle to challenge conditions of confinement. *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). If a prisoner is challenging the conditions of his confinement, rather than the fact of confinement, then his remedy is under civil rights law. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

DeBruzzi's Petitions do not raise a claims challenging the constitutionality of the fact of his confinement. Rather, his complaints all go to his conditions of confinement. *Bunn*, 309 F.3d at 1007 ("if [prisoner] is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law."). As such, DeBruzzi's claims are not properly brought in a § 2241 petition. Claims of this nature must be brought against state officials pursuant to 42 U.S.C. § 1983 and against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

While some courts have in the past construed mistakenly-labeled habeas corpus petitions as a civil rights complaints, *see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991)

(collecting cases), the Seventh Circuit Court of Appeals recently noted that doing so may lead to unfavorable consequences under the Prison Litigation Reform Act. *Bunn*, 309 F.3d at 1007. (discussing consequences that include a higher filing fee and the risk of receiving a "strike" under 28 U.S.C. § 1915(g)).  Therefore, the Court will not re-characterize DeBruzzi's Petitions as civil rights Complaints and takes no position regarding the ultimate merits of his claims.[2]

### Disposition

For the foregoing reasons, the Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in cases 3:20-cv-00481-SMY, 3:20-cv-00596-SMY, and 3:20-cv-00783-SMY are **DISMISSED** with prejudice and all pending motions are **TERMINATED** as moot. To the extent Petitioner seeks relief available under 28 U.S.C. § 1331, *Bivens*, or compassionate release under 18 U.S.C. § 3582(c)(1)(A), those requests are **DISMISSED** without prejudice to any separate action he wishes to bring.

It is not necessary for DeBruzzi to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner DeBruzzi wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. Fed.R.App.P. 4(a)(1)(B). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner intends to present on appeal. Fed.R.App.P. 24(a)(1)(C). If Petitioner is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six

---

[2] To the extent DeBruzzi seeks a reduction in his sentence in 20-cv-596 due to a death in his family, he provided no factual support or legal authority for this request.

months) irrespective of the outcome of the appeal.  Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 31, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**